# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| PRAKASH V. JARIWALA | ) | CASE NO. 13-70535 |
| SHARDA P. JARIWALA | ) | |
| | ) | |
| **Debtors.** | ) | |

## MEMORANDUM DECISION

The matter before the Court is the Debtors' Motion to Reopen their case in order to enter into a reaffirmation agreement with their mortgage company. For the reasons set forth below, the Court will deny the Motion.

STATEMENT OF FACTS

The Debtors, with the assistance of counsel, filed this Chapter 7 case on April 1, 2013. Upon two motions filed by Debtors' counsel, the Debtors were granted an extension until August 31, 2013 to file a reaffirmation agreement and the entry of the discharge order was delayed until after that date. No reaffirmation agreement was filed by the deadline and the Debtors were granted a discharge on September 3, 2013. The case was closed the same day. Debtors' counsel has now filed the instant Motion requesting that the Court reopen the bankruptcy case for the purpose of enabling the Debtors to enter into a reaffirmation agreement with their mortgage company.

CONCLUSIONS OF LAW

This Court has jurisdiction over this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.  The Court concludes that a motion to reopen a debtor's bankruptcy case for the purpose represented here is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

No purpose would be served in reopening the case to allow the Debtors to enter into a reaffirmation agreement because under 11 U.S.C. § 524 a reaffirmation agreement to be legally effective must be entered into before a discharge is granted.  11 U.S.C. § 524(c)(1) provides that "[a]n agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable . . . only if such agreement was made before the granting of the discharge under section 727 . . . ."  When similar requests have been filed with the Court, it has uniformly ruled that it is without power to ignore the governing statutory provisions which have been enacted into law by acquiescing in attempts by bankruptcy debtors to enter into reaffirmation agreements although a discharge has already been obtained.[1]

The Court further notes that this action by the Court does not preclude the Debtors from continuing to make mortgage payments upon their residence property or the lender (or its loan servicer) from accepting such payments.  Furthermore, the Court notes that, if the

---

[1] *See In re Reynolds*, No. 09-71964 (Bankr. W.D. Va. Feb. 10, 2011); *In re Washer*, No. 05-73465 (Bankr. W.D. Va. Dec. 30, 3005); and *In re Owens*, No. 10-72509 (Bankr. W.D. Va. Aug. 9, 2013).

Debtors wish to do so, there is no requirement that a borrower must have entered into a reaffirmation agreement of that loan in order for the mortgagee to enter into a loan modification agreement.[2]

An order in accordance with this Memorandum Decision will be entered contemporaneously herewith.

Decided this 31st day of December, 2013.

_____
UNITED STATES BANKRUPTCY JUDGE

---

[2] *See generally In re Owens*, No. 10-72509 (Bankr. W.D. Va. Aug. 9, 2013).